UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERNATIONAL FOODSOURCE, LLC.<br>　　　　Plaintiff<br><br>v.<br><br>LORIN J. KLINGLE, ET AL.,<br>　　　　Defendants | Civil Action No. 08-2967(KSH)<br><br>REPORT AND RECOMMENDATION |

　　　　This matter having come before the Court by way of letter dated October 7, 2008, regarding the plaintiff International Food Source's request to strike the defendant's Answer to the Complaint and enter default because defendant has failed to: (1) appear for his deposition on October 7, 2008; and (2) comply with the Order dated September 29, 2008, requiring that he submit a letter showing cause why sanctions, pursuant to Fed. R. Civ. P. 16 and 37, should not be imposed for his failure to comply with the Order dated September 15, 2008;

　　　　and the Court having conducted a telephone conference on the record on September 15, 2008 addressing defendant's failure to provide discovery;

　　　　and the Court having ordered, orally and in writing, among other things, that defendant Klingle: (1) provide responses to the interrogatories and document demands no later than September 23, 2008; and (2) update his webposting to reflect that he is no longer employed by the plaintiff, see Order dated September 15, 2008;

　　　　and the plaintiff having represented in a letter dated September 25, 2008 that defendant Klingle failed to produce his discovery responses, had not updated the posting, and had not

provided his signature on a proposed discovery confidentiality order;

and as it appeared the defendant was in violation of the September 15, 2008 Order, the Court having issued an Order dated September 29, 2008 that: (1) directed defendant Klingle to explain in writing why sanctions should not be imposed for his noncompliance with the September 15, 2008 Order; and (2) directed defendant Klingle to appear for his deposition on October 7, 2008, as mandated by the Order dated September 15, 2008 and the Order dated September 29, 2008 Order, see Order dated September 15, 2008; Order to Show Cause, dated September 29, 2008;

and the plaintiff representing that it served the September 29, 2008 Order to Show Cause on the defendant by express mail, certified mail, regular mail and e-mail, Letter of Plaintiff dated October 7, 2008;

and neither plaintiff nor the Court having received a written submission from the defendant either as required by the September 29, 2008 Order or in response to the October 7, 2008 letter;

and the plaintiff representing that as of October 7, 2008, defendant Klingle has failed to produce his responses to plaintiff's interrogatories and document requests and that the posting had not been updated, see id.;

and defendant having failed to appear at his deposition on October 7, 2008, despite the Orders directing him to do so and plaintiff's attempts to reach defendant Klingle on the day of the deposition and notifying him that his failure to appear by a certain hour will result in adjournment; see id.;

and the Order dated September 15, 2008 specifically notifying the defendant that his failure to submit a written response as required by the September 29, 2008 Order or appear at

deposition will result in a recommendation to the United States District Judge that Her Honor strike the Answer and enter a default against the defendant;

and the Undersigned hereby recommending that the United State District Judge strike the Answer and enter a default against the defendant pursuant to Fed. R. Civ. P. 37[1];

---

[1] In this Circuit, a Court must consider six factors to determine whether to enter default judgment against a defendant as a sanction for failure to meet court-imposed deadlines and other procedural prerequisites. See Howard Johnson Int'l, Inc. V. Goodland Inns, Inc. Civ. No. 06-5137, 2008 U.S. Dist. LEXIS 65265 (D.N.J. August 25, 2008)(citing Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). These factors are: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) a history of dilatoriness, (4) whether the attorney's conduct was willful or in bad faith, (5) alternative sanctions, and (6) the meritoriousness of the claim or defense. Poulis, 747 F.2d 868. While not all of these factors are applicable in this case, consideration of those that do apply shows that entry of default is appropriate.

The record demonstrates that noncompliance with orders had been the fault of the defendant. During a telephone conference on September 15, 2008, Mr. Klingle was ordered and agreed to: (1) update his webpostings to reflect that he is no longer employed by IFS; (2) provide responses, by September 23, 2008, to IFS's discovery requests; (3) appear at his deposition on October 7, 2008; and (4) cooperate in submitting, by September 25, 2008, a Confidentiality Order. When the Court was notified that defendant Klingle did not meet these deadlines, the Court issued an order giving him the opportunity to explain why he did not comply with the deadlines and notifying him that a failure to explain why he missed these deadlines would result in a recommendation that his Answer be struck and default be entered. Defendant Klingle was on notice of his obligations, responsibility to comply, and consequences of non-compliance. Moreover, the defendant disregarded any attempts of communication by the plaintiff's counsel, including repeated attempts to contact him on the day of the deposition. While the Court recognizes that the defendant is a pro se litigant, the defendant is still personally responsible for his inaction.

Relatedly, the record shows that defendant Klingle has been dilatory. He was present at the Rule 16 conference, during which discovery deadlines were set. When he failed to respond to discovery, plaintiff sought compliance, but to no avail. See Letter dated September 15, 2008. The Court then convened a telephone conference with the parties and entered an Order that extended the deadlines to secure responses. Plaintiff again failed to respond. The Court then issued an Order giving defendant Klingle an opportunity to explain why he should not be sanctioned for his noncompliance and requiring him to appear at his deposition. He failed to respond to Order and to appear at his deposition. This history of non-responsiveness, despite opportunities to comply and notice of the severe consequences, supports severe sanctions.

Even without considering the merits of any claim or defense, the prejudice to the plaintiff from defendant's nonresponsiveness is clear and warrants the most extreme sanction. Defendant Klingle's failure to provide responses to any discovery requests and appear for his deposition deprives plaintiff the ability to investigate its claims and defendant's defense and as a result prevents it from or preparing an adequate pre-trial submission as required by paragraph 5 of the

and for good cause shown,

IT IS THEREFORE ON THIS 10th day of October, 2008

RECOMMENDED that United States District Judge strike defendant's Answer and enter a default against him pursuant to Fed. R. Civ. P. 37. The parties have ten (10) days from receipt of this Recommendation to file and serve objections;

IT IS FURTHER ORDERED counsel for plaintiff IFS shall serve a copy of the Report and Recommendation upon the defendant by regular mail, certified/overnight mail with a return receipt, email and fax (if available); and

IT IS FURTHER ORDERED that the dates for filing dispositive motions and for the submission of the pretrial materials set forth in paragraphs 5 and 6 of the Order dated September 15, 2008 are adjourned.

s/Patty Shwartz
**UNITED STATES MAGISTRATE JUDGE**

---

Court's September 15, 2008 Order, or prepare for trial.

Based on defendant's non-responsiveness, his failure to appear at the Court-ordered deposition and the prejudice to the plaintiff, the Court concludes that striking his Answer and enter a default against him is an appropriate sanction.