UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **INTERNATIONAL FOOD SOURCE, L.L.C.,**<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>**LORIN J. KLINGLE, et al,**<br><br>　　　　　　Defendants. | Civ. Action No. 08-2967<br>(KSH)<br><br>**OPINION<br>& ORDER** |

**KATHARINE S. HAYDEN, U.S.D.J.**

　　　This matter comes before the Court upon Report and Recommendation by Magistrate Judge Shwartz [D.E. # 18] dated October 15, 2008, which provides that the Court strike defendant Klingle's answer and enter default against him for (1) failure to appear for his deposition on October 7, 2008; (2) failure to respond to other discovery orders mandated by Judge Shwartz; and (3) failure to comply with the Order to Show Cause why sanctions should not be imposed [D.E. # 17].  The Court is also in receipt of a letter from plaintiff requesting the Court to adopt the Report and Recommendation [D.E. # 19]. Defendant submitted no objection to either the letter or Judge Shwartz's Report and Recommendation.  The Court has conducted a *de novo* review of the Report and Recommendation.  See Loc. Civ. R. 72.1(c)(2).

　　　Rule 37 of the Federal Rules of Civil Procedure permits a pleading to be stricken and default entered against a party for failure to obey a discovery order.  See Fed. R. Civ. P. 37.

1

In the Third Circuit, as Judge Shwartz correctly noted, six factors must be considered before default may be entered:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).

The Court finds that Klingle has repeatedly engaged in dilatory conduct and outright refusal to comply with or respond to Magistrate Judge's discovery orders; that Klingle has been granted several opportunities to comply with Judge Shwartz's Orders and the Federal Rules of Civil Procedure; that Klingle was warned that default would be entered if he continued his noncompliance; and that substantial prejudice to plaintiff would result should this Court continue to accept Klingle's disregard for the rules of pre-trial discovery. Given Klingle's willful penchant for ignoring Judge Shwartz's discovery orders, the Court is satisfied that the entry of default is the appropriate sanction.

The Court agreeing fully with Magistrate Judge Shwartz's Report and Recommendation, and with good cause appearing,

**IT IS** on this 6th day of November, 2008,

**ORDERED** that the Report and Recommendation of Magistrate Judge Shwartz [D.E. # 18] is **ADOPTED** in full and incorporated as the Opinion of this Court; and it is further

**ORDERED** that defendant Klingle's Answer [D.E. # 14] be **stricken**; and it is further

**ORDERED** that default be entered against defendant Klingle; and it is further

**ORDERED** that plaintiff shall move for default judgment within fifteen (15) days of receipt of this Order.

/s/  Katharine S. Hayden

KATHARINE S. HAYDEN
UNITED STATES DISTRICT JUDGE